Appealing from the final decision of the Patent Office Board of Appeals and who rejected his claims on a process for producing butanol. In the page 8 of the appellant's brief, there's an italicized portion of the sole independent claim. That italicized portion shows the key points of Mr. Radcliffe's process for efficiently producing butanol by using a synergistic effect of many different processes. Higher quality of butanol and other biofuels is achieved by producing the material that contains much less water and uses the material to produce the butanol more effectively than the prior art. The appendix, the appellant's pages 21 and 22, sets forth the advantage of butanol as a biofuel. Appendix page 23, first full paragraph, shows the butanol efficiency. The last full paragraph... I'm sorry, does the claim say the word butanol? No, claim 1 does not say the word butanol. It says biofuel, right? Yes, sir. And alcohol. Yes, sir. Okay. But the butanol advantages are shown. The synergistic effect of producing the biofuel is explained in the appendix on page 29. The advantage of using artichokes over corn is clearly shown in that artichokes can produce 40 billion gallons of butanol over the same area of corn that produces only 12 billion gallons of butanol. The process also provides, as shown in the appendix on page 31, that the algae treatment by this process creates an 89% efficiency with the algae and thereby there is a process greater than that shown by the prior art. Okay, well, counsel, it would really help me if you focused on what was wrong with the board's opinion instead of just telling me what you think about the state of the patented invention. Yes, ma'am. Euler, a primary reference used in six of the rejections, relates to biodiesel. It mentions biofuel, bioalcohol, in a negative fashion. In paragraph 80 of the reference, it says that the biofuel produced is the biodiesel is preferred over bioalcohol. The claims 1 to 3, 5 to 8, 11, 13 to 17, and 19 are rejected over Euler in view of Edelman and Royal. I'm sorry, did you say paragraph 80 of Euler? Say again, please. Did you say paragraph 80 of Euler said it was teaching away from biofuel and chose biodiesel over biofuel? Yeah. Okay, we're in paragraph 80. Okay. Okay. Where is that now? Okay. Here we go. Ah, here we go, I'm sorry. Paragraph 88. The final products from a process presented herein are large amounts or proportions of biodiesel and possibly lesser amounts or proportions of bioethanol. We don't have any excess production not used for biodiesel. If direct hydrogenation is used, no alcohol will then be produced. So Euler, in paragraph 80, I apologize for making the mistake. I'm sorry, which paragraph? 88. 88, okay. I'm sorry. So Euler is purely teaching away from the use of ethanol or alcohol in this matter. By teaching away from the use of alcohol, applicants' process cannot be rendered obvious using Euler as a primary reference when some of the other claims of applicants relate to butanol. Now, going down the list of six rejections using Euler, Claims 1-3, 5-8, 11-11, 13-17, and 19 are Euler, Edelman, taken with Royal. 1-3, Euler, Edelman, Royal, taken with Christensen. Claims 1-2, Euler, Edelman, Royal, taken with Alwine. Claims 1-9, Euler, Edelman, Royal, taken with Cox. Claims 1-19 and 20, Euler, Edelman, Royal, Christensen, and Chita. Now, if you look at the rejection of Claim 1 over Euler, Edelman, and Royal and you consider the rejection of Claim 2, rejecting Claim 1 over those three references in addition to Christensen or Claims 1 and 2, those, Claim 1 being rejected over Euler, taken with Alwine, Claim 1 and 9, those same rejections taken with Cox, it indicates, and of course Claims 1, 19, and 20, it indicates a weakness in the rejection. Because if Euler... But the examiner made a fact-finding to the contrary and the board adopted it. Ma'am? The examiner made a fact-finding to the contrary, whether or not a reference teaches away as a question of fact. The examiner made a fact-finding that this reference does not teach away he cited, among other things, Figure 1, which shows alcohol production at Items 36, 44, and 48 and also at Paragraph 79 that Euler teaches that butanol can be produced in place of ethanol. So it's not even just alcohol generally, but this reference even says butanol can be produced in particular. So I understand that you think that there is sort of a discouragement of alcohol production in favor of biodiesel, but the examiner made a contrary fact-finding based on several disclosures in this reference. Given our deferential standard of review, I'm not sure how we can set that aside. Well, ma'am, Your Honor, the way this can be set aside is that the examiner was clear in error. He did not set forth how and why the process in Euler is superior to the process set forth by the appellant. The appellant clearly sets forth... It's not required that the process in the prior art be superior to the patented product in order to defeat the validity of the patent claims. It's only necessary that it be obvious. Superiority is not a relevant criteria. It can be inferior and still defeat patent claims. Yes, Your Honor, but if you've got a process that combines several different features as the appellant does and gets a better product more efficiently from the same amount of land, the same amount of goods, and gets the results that the applicant does with the more efficient product, then the finding of fact fails because of the superiority and major synergistic effect of the appellant's combination of the processes to achieve the desired result of producing an effective biofuel. So I'll rest at this point and there may remain time for rebuttal. Okay, Mr. Perone. Ms. Nelson? Good morning, Your Honors. May it please the Court. Radcliffe claims here in very general terms in Claim 1 a combination of four processes, each of which was well known in the prior art. In fact, both Euler and Bush teach combining three of those processes. In fact, Claim 1 is directed to any alcohol, right? It's not even just directed to... And both of those references teach an alga process, a fermentation process, and an incineration process meeting each of the claim limitations. Royal then teaches using steam generated from incineration of fermentation residue material to produce electricity and... Was there any evidence, Ms. Nelson here, of unexpected results or secondary considerations? Because I understood Mr. Perone at the end to suggest that he thought fact findings could be overcome because of a much greater efficiency achieved by the production methods of the patents. Was there secondary consideration evidence that was entered into here? There was not any such evidence presented before either the examiner or the Board, and none of that is claimed. In fact, in Claim 1, butanol's not claimed, artichokes aren't claimed, efficiency is not claimed in any of the claims, and there's just simply no evidence to suggest that they are achieving higher efficiencies. And as you've stated, Judge Moore, Euler has more than sufficient ample evidence to suggest production of bioethanol. In fact, at the field of the invention at Paragraph 2 and also in Paragraph 66, it explains that the invention can be used either for biodiesel or bioethanol production. Paragraph 77 to 79, when they discuss fermentation, describe ethanol, or actually alcohol generally in ethanol and Figure 1 depicts very pointedly production of ethanol, so there's simply no teaching away, no discouragement or criticism of biodiesel production. If there are no additional questions. Okay, thank you, Ms. Nelson. Mr. Perone, you have your rebuttal time. Thank you, Your Honor. Again, Euler does not disclose appellant's efficiency in producing the butanol or the alcohol. It's in the specification that you can get three times as much butanol out of the same area of artichokes with this process that you can It's in the specification that you can get more efficient production of butanol. There is no teaching in the combination of references that says that appellant's efficiencies can be met. Now, if you add 1 plus 1 and get 2 or 3, it's completely and totally unpatentable. What the Patent Office has failed to recognize in this case appellant has added 1 plus 1 and gotten about 5. The 5 comes from the efficiencies of producing the butanol more efficiently at a higher quality and a higher quantity than the prior artichokes. The Patent Office Which element of the claim, claim 1, specifically drives that outcome of 1 plus 1 equal 5? The estalatized parts of the claim in the appellant's brief on page 8 I believe. Yes. Page 8? Excuse me, page 9 of the brief. Excuse me, my mistake. But the combination of the various processes shown by appellant here is not shown in the prior art. Like I said, claim 1 is rejected 3 different times or 5 different times over 5 different combinations of references but the addition of Christensen to claim 1 the addition of Cox to claim 1 the addition of Ewing to claim 1 the addition of Christensen to Chichita to claim 1 in a rejection in addition to Euler, Edelman and Royal indicates the defective part of the combination of Euler Edelman and Royal. The examiner admits it by using secondary, third tertiary third, fourth and fifth references in some cases with those references to reject the same claim. If Euler, Edelman and Royal is a good rejection of claim 1 how can Euler, Edelman and Royal and Ewing be a good rejection Euler, Edelman and Royal and Christensen be a good rejection Euler, Edelman, Royal and Christensen and Chichita be a good rejection of claim 1 and Bush has the same problem Bush doesn't Bush produces ethanol no teaching of butanol and the Bush rejections have the same problem they're used to reject claim 1 in more than one case and they cite several other references Mr. Perum we're out of time do you have a final thought basically the synergistic effect of applicants combination of processes creates a 1 plus 1 equals 5 which merits patentability in this particular case the butanol produced is effective the butanol produced is good the alcohols produced in this process require very little treatment beyond what has been done we're so having the combination of of processes patched together by the patent office by this reference and that reference and the other reference does not show applicants particular combination to produce the efficiencies you can't put artichokes in a claim you can't put you can't put the you can't put the thereby producing 3 times as much butanol as the prior artichokes it's in the spec the steps are shown it has never been rebutted by the patent office ok Mr. Perum I thank both counsel for their argument the case is submitted